IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNIS A. BARNES,
     Plaintiff,

vs.                            Case No. 5:12cv79/RS/CJK

KEN DAVIS, et al.,
     Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 14). Upon review of the complaint, the undersigned concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Dennis Barnes ("Barnes"), a prisoner currently detained in the Columbia Correctional Institution, initiated this lawsuit *pro se* on March 28, 2012. (Doc. 1). Plaintiff names as defendants Jackson County Sheriffs Officers Ken Davis and Quinton Hollis. (Doc. 14, p. 2).

Plaintiff alleges that on August 4, 2010, plaintiff's ex-wife reportedly called the police claiming that plaintiff had abused her. (Doc. 14, p. 5). Plaintiff states that Officer Davis falsely detailed in his report that he was provided with written consent to search plaintiff's residence. (Doc. 14, p. 5). Plaintiff claims that his ex-wife could not give permission to search the residence because she "had voluntarily abanded [sic] her rights to the resident [sic] (property) upon her having leaved [sic] the . . .

property approx. (5) days prior to search of property . . . ." (Doc. 14, p. 5). Plaintiff further argues that defendants knew plaintiff's ex-wife had no right to grant them the permission to search plaintiff's house, but conducted the search anyway violating plaintiff's constitutional rights. (Doc. 14, p. 10). The defendants discovered a 30/30 rifle with a scope during the search of plaintiff's house.[1] (Doc. 7, p. 6). Plaintiff was previously convicted of aggravated battery. (Doc. 14, p. 6). Plaintiff was therefore subsequently convicted and sentenced on February 14, 2011, of possession of a firearm by a convicted felon. (*See* http://www.dc.state.fl.us/index.html, "Offender Search"). Plaintiff claims that as a result of the defendants' illegal search of his residence and subsequent conviction, he lost his house, car, trucks, job, and reputation. (Doc. 14, p. 8).

Based on the foregoing, plaintiff asserts that "defendant's [sic] intentionally invaded/deprived plaintiff of his secured guaranteed rights under U.S. Constitution 4th; 5th; 8th; and 14th Amendment [sic]. Also artical [sic] 1 section 9; 12 and 17 of the Florida Constitution. While defendant's [sic] were acting under color of both the federal/ or state law." (Doc. 14, p. 11). As relief plaintiffs requests: A) compensatory damages in the amount of $250,000; B) actual damages of loss in the amount of $100,000; C) "punative [sic]" damages; D) special damages; and E) trial by jury and any other relief the court may deem proper. (Doc. 14, pp. 11-12).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim

---

[1] Plaintiff does not explicitly plead in his second amended complaint the fact that defendants discovered a 30/30 rifle in his house during the search. The undersigned finds it necessary to point this fact out in order to make sense of plaintiff's allegations and the reasons for the complaint's dismissal.

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim, because plaintiffs had "not nudged their claims across the line from conceivable to plausible"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Under FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court reiterated in *Iqbal*, 129 S. Ct. at 1949, although RULE 8 does not require detailed factual allegations, the rule does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *See id.* Rather, the complaint must include "[f]actual allegations . . .

[sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible . . . ." *See Twombly*, 550 U.S. at 555, 570.

A complaint is also subject to dismissal for failure to state a claim when the allegations—on their face—show that an affirmative defense bars recovery on the claim. *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

*Heck Doctrine*

"A plaintiff cannot win relief under [42 U.S.C.] § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Cobb v. Fla.*, 293 F. App'x 708, 709 (11th Cir. 2008) (*quoting Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). In such a case, "plaintiff may only proceed after showing 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id*. (*quoting Heck*, 512 U.S. at 486-87). The court in *Heck* detailed, in a footnote, scenarios in which allegations of an unconstitutional search and seizure would be able to circumvent the prohibition on matters challenging the validity of a conviction:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily*

imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

512 U.S. at 487 n.7 (citations omitted) (emphasis in original).

Plaintiff's complaint seeks to challenge the constitutionality of the search and seizure that resulted in the discovery of the 30/30 rifle essential to his conviction. If the search of plaintiff's residence was unconstitutional, the remedy at trial would be suppression of the evidence. *See McDonald v. U.S.*, 335 U.S. 451, 453 (1948) ("[T]he law provides as a sanction against the flouting of [Fourth Amendment protections] the suppression of evidence secured as a result of this violation . . . ."). Inherently, a conviction for possession of a weapon by a felon would be invalid if there was no weapon for the felon to possess. Suppression of the rifle would necessarily bring into question the validity of his conviction for possession of that rifle. All of plaintiff's stated claims in the complaint are derived from the alleged unconstitutional search and seizure and the resulting conviction. Such claims, therefore, are barred and must be dismissed. *See Heck*, 512 U.S. at 486 ("[I]f [judgment in favor of the plaintiff would imply the invalidity of his conviction], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Even if plaintiff overcomes the *Heck* bar by establishing that his conviction would continue to be valid despite defendants' unconstitutional search and seizure, he would still be unable to recover the relief he seeks. Hypothetically, if it were inevitable that the rifle would be discovered or an independent source would have led law enforcement to the rifle, plaintiff would still be convicted despite defendants'

illegal conduct. Although, in that instance, plaintiff would not be barred from bringing the instant action by *Heck*, he would still not be entitled to the relief he seeks. As discussed herein, plaintiff's claims, as set out in the complaint, are all a consequence of being convicted of possession of a firearm by a convicted felon. Plaintiff's loss of his job, reputation, and material possessions are not a result of the illegal search and seizure, but of plaintiff's independent, legal conviction. Given that, plaintiff would not be able to recover damages resulting from the conviction, and plaintiff has not plead any demonstrable (and recoverable) damages stemming from the search and seizure. Plaintiff, therefore, is unable to state a cause of action under either argument.

The court has previously advised (doc. 13, pp. 4-6) and the law clearly shows that plaintiff's claim, based on the four corners of the complaint, should be dismissed for failure to state a cause of action, because judgment in favor of the plaintiff would mean the invalidation of his underlying conviction. Plaintiff was allowed the opportunity to amend. Nevertheless, the plaintiff in his second amended complaint (doc. 14) repeated the same claims he had made in his first amended complaint (doc. 7).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's second amended complaint (doc. 14) be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 25th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).